**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3855-17T1

IN THE MATTER OF THE
ESTATE OF JULIA EILEEN
CONNOLLY,

     Deceased.

_____

Argued March 20, 2019 – Decided April 12, 2019

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. CP-0187-2017.

Michael M. DiCicco argued the cause for appellants Patricia Weiss and John Cotter (Maggs & McDermott, LLC, attorneys; Michael M. DiCicco, on the briefs).

Ronald J. Campione argued the cause for respondent Paul I. Rosenberg (Bressler, Amery & Ross, PC, attorneys; Andrew C. Egan, on the brief).

Christine N. Walz argued the cause for respondent Greenpeace Fund, Inc. (Holland & Knight, LLP, attorneys; Christine N. Walz, on the joint brief).

Stacey A. Hyman argued the cause for respondent People for the Ethical Treatment of Animals (K&L

Gates, LLP, attorneys; Stacey A. Hyman, on the joint brief).

Brian H. Fenlon argued the cause for respondents Our Lady Queen of Peace R.C. Church, St. John R.C. Church and Our Lady of Good Counsel R.C. Church (Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC, attorneys; Donald F. Miceli and Brian H. Fenlon, on the joint brief).

Isabella R. Pitt, Deputy Attorney General, argued the cause for respondent State of New Jersey (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Isabella R. Pitt, on the brief).

PER CURIAM

Appellants, the godchildren of decedent Julia Eileen Connolly (decedent), appeal from a September 27, 2017 order, dismissing their application to admit to probate a will that decedent neither reviewed nor signed, and admitting to probate decedent's signed will from 1992. They also appeal from a March 23, 2018 order denying their application for counsel fees. We affirm the orders on appeal for the reasons cogently stated by Judge Walter Koprowski, Jr. in his oral opinions issued September 1, 2017, and March 23, 2018.

This case involves a purported will drafted by an attorney who never met decedent. He drafted a seventeen-page will based on a telephone conversation he had with decedent, who was then ninety years old and in fragile health. He

A-3855-17T1

never had the chance to review the draft with her, because she unfortunately died the day after their phone conversation. Hence, she never reviewed the completed draft will or even saw it, and she did not give her final approval of the document.

Nearly a decade ago, we held that an unsigned will cannot be admitted to probate under N.J.S.A. 3B:3-3 unless the decedent reviewed the will and, thereafter, finally assented to it.

> We hold that for a writing to be admitted into probate as a will under N.J.S.A. 3B:3–3, the proponent of the writing intended to constitute such a will must prove, by clear and convincing evidence, that: (1) the decedent actually reviewed the document in question; and (2) thereafter gave his or her final assent to it. Absent either one of these two elements, a trier of fact can only speculate as to whether the proposed writing accurately reflects the decedent's final testamentary wishes.
>
> [In re Probate of Will and Codicil of Macool, 416 N.J. Super. 298, 310 (App. Div. 2010).]

Two years later, we followed that holding in In re Estate of Ehrlich, 427 N.J. Super. 64, 71-72 (App. Div. 2012).

We agree with Judge Koprowski that Macool is directly on point and definitively bars appellants' claim. Accepting appellants' invitation to focus exclusively on a decedent's intent, without the additional evidence Macool

requires, would open the door to fraud and essentially vitiate the requirement of a written will.

We also find no abuse of discretion in Judge Koprowski's decision to deny appellants' counsel fee application, in light of the obvious legal and factual weakness of their case. See R. 4:42-9(a)(3); In re Reisdorf, 80 N.J. 319, 326 (1979) (stating that counsel fees will ordinarily be awarded to both sides in a will contest "[e]xcept in a weak or meretricious case").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3855-17T1